IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 0 8 2013

BY

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

CHARLOTTE ANN ROBINSON, AS )
ADMINISTRATRIX OF THE ESTATE )
OF FAITH DENISE WHITCOMB, )
DECEASED )
 )
    PLAINTIFF )
 )
V. )
 )
DR. JOHN ALLAN HUSKINS, )
DR. WARREN SCOTT LAFFERTY, )
and KEITH FERGUSON, )
 )
    DEFENDANTS )

No. 13-5162 PKH

JURY TRIAL DEMAND

## COMPLAINT

Comes now the Plaintiff, and for her Complaint, states and alleges as follows:

## PARTIES

1. The Plaintiff, Charlotte Ann Robinson, is the Administratrix for the Estate of Faith

Denise Whitcomb, deceased. Ms. Whitcomb died in Benton County, Arkansas, on or about May

3, 2012. The Plaintiff was appointed administratrix of the estate on May 17, 2012. The case is

listed as Benton County Circuit Court, Probate Division, No. PR2012-262-6. The Letters of

Administration are from the same date, May 17, 2012. She sues on behalf of the Estate of Faith

Denise Whitcomb, deceased.

2. Defendant Dr. John Allan Huskins is believed to be a resident of Benton County,

Arkansas. He is a physician in Rogers, Arkansas. His Arkansas medical license number is C-

4834. Dr. Huskins was for all times related to this complaint, an employee of Benton County, Arkansas, and a co-chief policy maker for Benton County, Arkansas, in matters related to the medical treatment of the inmates at the Benton County jail. He is sued in his official and individual capacity.

3. Defendant Dr. Warren Scott Lafferty is believed to be a resident of Benton County, Arkansas. He is a physician in Rogers, Arkansas. His Arkansas medical license number is E-0988. Dr. Lafferty was for all times related to this complaint, an employee of Benton County, Arkansas, and a co-chief policy maker for Benton County, Arkansas, in matters related to the medical treatment of the inmates at the Benton County jail. He is the current jail physician. He is sued in his official and individual capacity.

4. Defendant Keith Ferguson is the retired Sheriff of Benton County, Arkansas. He was the elected sheriff of Benton County, Arkansas, for all times related to this complaint. He retired on December 31, 2012. He was the chief law enforcement officer, keeper of the county jail, and chief policy maker for all law enforcement-related matters for Benton County, Arkansas, for all times related to this complaint. He was responsible for making sure that the inmates in the Benton County jail received constitutionally adequate medical care. He was the co-policy maker for Benton County, Arkansas, as related to medical care for the jail inmates. He is sued in his official and individual capacity.

## JURISDICTION

5. This action arises under Title 42 U.S.C. Sections 1983 & 1988, Title 28 U.S.C. Sections, 2201 and 2202, for violation of the Federal Fourth and Fourteenth Amendments to the

United States Constitution. Subject matter jurisdiction of this action seeking money damages is by reason of title 28 U.S.C. 1331 & 1343. Venue is in the Western District of Arkansas by reason of Title 28 U.S.C. 1391, as the acts or omissions complained of occurred in the Western District of Arkansas. All parties reside in the Western District of Arkansas.

## FACTUAL ALLEGATIONS

6. Faith Denise Whitcomb was arrested on or about July 5, 2011. She was taken to the Benton County, Arkansas, jail. Unable to post bond, she remained there until her death on or about May 3, 2012. At the time of her death, she was 52 years old. For all times related to this complaint, Ms. Whitcomb was a pre-trial detainee.

7. Ms. Whitcomb appeared for a bond hearing on or about July 7, 2011. Her bond paperwork, which is kept at the Benton County jail, states that she suffered from schizophrenia and was disabled. On or about August 10, 2011, she was charged with felony drug offenses and her case was in the Benton County Circuit Court. On or about September 19, 2011, her attorney from the public defender's office requested a mental evaluation hearing. Circuit Judge Robin Green then suspended the criminal proceedings, and ordered that Ms. Whitcomb be given a mental evaluation pursuant to state law.

8. The mental evaluation was conducted by a psychologist from the Ozark Guidance Center on or about October 5, 2011. The mental evaluation report was conducted by Dr. Robin Ross and was filed with Judge Green on or about October 10, 2011. The evaluation showed that Ms. Whitcomb was not fit to proceed to trial because she was mentally ill with schizophrenia.

9. On or about November 7, 2011, Ms. Whitcomb appeared in open court and Judge

Green, pursuant to state law, ordered that she be transported to the Arkansas Department of Human Services (Arkansas State Hospital in Little Rock) until she was restored and fit to proceed to trial. A written court order was entered on or about November 8, 2011, ordering Ms. Whitcomb to be transported to the Arkansas State Hospital by the Benton County Sheriff's Department. Ms. Whitcomb was never transported to the Arkansas State Hospital.

10. Ms. Whitcomb had a long history of serious mental illness related to schizophrenia. Prior to her arrest, she had a lengthy history with the Ozark Guidance Center, the local mental health center for northwest Arkansas.

11. Any person who had a chance to observe or converse with Ms. Whitcomb for any length of time would come to the conclusion that she was mentally ill. It would take absolutely no training to come to that accurate conclusion.

12. Prior to being arrested, Ms. Whitcomb was being treated by the doctors at Ozark Guidance center with the drug Risperdal. It is given by shot every two weeks. These shots continued while she was in custody. Risperdal is prescribed for the treatment of schizophrenia. Risperdal helped Ms. Whitcomb with her schizophrenia. Schizophrenia is a mental condition that is not cured, but is managed to various levels of success. Ms. Whticomb was not given any treatment for her schizophrenia other than the shots of Risperdal.

13. Ms. Whitcomb saw and heard things that were not real, but she was harmless. She had no history of violence. She was on Social Security disability because of her mental illness. As a practical matter, she was unemployable.

14. After being put in the Benton County jail, Ms. Whitcomb started a very long series of written and verbal requests for medical assistance. These requests were given to the jail nurse.

The jail nurse would then consult with the jail physician. Many times Ms. Whitcomb would be seen by either the nurse or the doctor concerning the pain she was having. From August 25, 2011, to April 20, 2012, Ms. Whitcomb filed medical requests for pain relief at least 21 times. It was very obvious over that time period that her pain was getting much worse and was spreading.

15. Ms. Whitcomb's requests for medical assistance ended on or about April 20, 2012. Ms. Whitcomb had no idea why she was so physically sick, for such a long time, and had such unrelenting and extremely severe pain. The strongest medicine that she ever received at the Benton County jail was Tylenol. The Tylenol did not help her pain and it was obvious to the defendants that she needed much stronger pain medication for the entire time that she was in custody. The pain that Ms. Whitcomb had in her abdomen, chest, and back was extremely severe and was a result of the progression of her pancreatic cancer. In rating pain on a scale of 1 to 10, with ten being the most severe, Ms. Whitcomb's unrelenting pain level would have rated a score of 10 for many months before she died.

16. On or about May 3, 2012, Ms. Whitcomb was found dead in her cell in the Benton County jail. Her body was taken to the Arkansas Medical Examiner's office in Little Rock for an autopsy. The autopsy report stated that Ms. Whitcomb died from adenocarcinoma of pancreas with metastasis. Ms. Whitcomb died from undiagnosed pancreatic cancer that had spread to her liver, lungs, and lymph system. Her death certificate states the same.

17. The defendants knew, for the entire time that Ms. Whitcomb was in custody, that she was HIV positive. She was never given any medical treatment for the HIV infection at anytime.

18. For the entire time that Ms. Whitcomb was in the Benton County jail, she was placed in a solitary confinement cell because she was HIV positive and mentally ill.

19. Dr. Huskins was the jail doctor from October 2, 2006, to March 2, 2012. Dr. Lafferty was the jail doctor from April 2, 2012, to current date.

20. The defendants never took a proper medical history from Ms. Whitcomb, and they failed to properly diagnose and treat Ms. Whitcomb's cancer and HIV infection. The defendants failed to properly manage Ms. Whitcomb's unrelenting severe pain. Their lack of inaction was not simply medical malpractice, but was such a severe deviation from standardized medical practice that it amounted to an abandonment of the patient when it would have been obvious that the patient was suffering from a serious medical condition that required immediate medical intervention. Even the most uneducated lay person would have know that Ms. Whitcomb was so sick and in such extreme pain that she needed to be transported to a hospital for emergency medical treatment.

21. Ms. Whitcomb presented the classic symptoms of a serious medical condition. She had very severe pain in her abdomen, chest, and back for many, many months. This pain was not effectively treated with Tylenol. The pain grew much worse over time. The pain was totally debilitating. She had continuing serious gastrointestinal problems. She had very serious weight loss. These symptoms, individually or taken together, would alert anyone, especially a physician, that further medical testing would be required to determine the source of her pain, weight loss, and serious gastrointestinal problems.

22. What the defendant physicians should have done is taken blood samples to determine if there were any markers for cancer. They should have ordered numerous scans, such as PET scan, MRI, ultasound, etc., to rule out a cancerous tumor or growth. Had they conducted the normal investigative protocol, they would have seen from the scans that she had a tumor and

would have taken a biopsy that would have shown definitively that she had pancreatic cancer. The defendant physicians did absolutely nothing to determine the source of Ms. Whitcomb's serious and protracted pain.

23. Pancreatic cancer is the fourth leading cause of death by cancer in the United States. It is not a rare cancer.  A person has a 1 in 78 chance of getting pancreatic cancer. Pancreatic cancer is extremely lethal. The five year survival rate for most cases is only about 6%. As a practical matter, once a person hears the words pancreatic cancer from their doctor, it is time to get one's affairs in order because death looms large.

24. HIV, the virus that causes AIDS, used to be an absolute death sentence. That is no longer the case. There are now effective treatments that not only drastically prolong one's life, but make the quality of that life much better. Even after being placed on direct notice that Ms. Whitcomb had a HIV infection, the defendants never even attempted to give her any medical treatment for the disease.

25. This is not a case of where the defendant physicians made an improper judgment call after a proper investigation, a typical medical malpractice tort case. This case presents a total abandonment of a patient with obvious serious medical needs and presents a case of the violation of the deliberate indifference standard under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983.

26. All of the defendants' acts or omissions were done recklessly and callously and with indifference to Ms. Whitcomb's serious medical needs; thus, they are subject to liability for punitive damages as to all causes of action listed below.

27. All of the injuries done to Ms. Whitcomb were done under color of law as defined by

42 U.S.C. Section 1983. The defendants acted under color of state laws, statutes, ordinances, regulations, policies, customs, and usage of the State of Arkansas and Benton County, Arkansas, to intentionally, deliberately, and with deliberate indifference violate Faith Denise Whitcomb's rights under the Fourth and Fourteenth Amendments to the United States Constitution. These violations apply to all causes of action listed below.

28. There was no Benton County jail physician from March 2, 2012, to April 1, 2012.

## CAUSE OF ACTION No. 1

29. As to all defendants, they together and individually, failed to have Ms. Whitcomb's pancreatic cancer diagnosed and treated. By failing to do so, Ms. Whitcomb suffered extremely severe and protracted pain which could have been alleviated by the use of strong pain killing drugs such as oxycodone, morphine, and fentanyl. Ms. Whitcomb should have been transferred to a medical facility for proper diagnosis and treatment. She should have been given hospice-type medical care.  Instead, she died face down on the concrete floor of the Benton County jail. No one saw her die because she was in solitary confinement: not because she was dangerous to others, but just because she was a sick person. All defendants totally abandoned Ms. Whitcomb, and by being deliberately indifferent, allowed her to suffer pain to such an extreme that, it is not hard to imagine Ms. Whitcomb prayed for death to come mercifully and quickly in her final days and hours. The defendants treated Ms. Whitcomb in the most callous, cruel, and inhumane way by failing to treat her for her mental and physical pain.

## CAUSE OF ACTION No. 2

30. As to all defendants, they together and individually, failed to have Ms. Whitcomb's

HIV virus diagnosed and treated. All of the defendants totally abandoned Ms. Whitcomb, and by being deliberately indifferent, the defendants treated Ms. Whitcomb in the most callous, cruel, and inhumane way by failing to treat her for her HIV virus, which if left untreated, would become fatal acquired immune deficiency syndrome, commonly referred to simply as AIDS. Ms. Whitcombs HIV status was an open and obvious serious medical condition and need. Ms. Whitcomb should have never been kept in solitary confinement because she was HIV positive.

## CAUSE OF ACTION No.3

31. As to all defendants, they together and individually, failed to have Ms. Whitcomb's schizophrenia properly treated. All the defendants totally abandoned Ms. Whitcomb, and being deliberately indifferent, they treated Ms. Whitcomb in the most callous, cruel, and inhumane way by failing to treat her for her mental illness, which was an open and obvious serious medical condition and need. Ms. Whitcomb should have never been kept in solitary confinement because she was mentally ill. Ms. Whitcomb should have been transferred to the Arkansas State Hospital within a reasonable time after Judge Green ordered her transfer on or about November 7-8, 2011. The defendants made no effort to mentally restore Ms. Whitcomb to be fit to stand trial as directed by Judge Green.

## CAUSE OF ACTION No.4

32. As to separate defendant Keith Ferguson, he failed to transport Ms. Whitcomb to the Arkansas State Hospital for almost six (6) months after being directed to by Circuit Judge Robin Green. The continued detention of Ms. Whitcomb in the Benton County jail for such a long period awaiting mental health treatment and restoration to be fit to proceed to trial amounted to

punishment of a pre-trial detainee in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Ms. Whitcomb was denied due process of law under the Fourteenth Amendment.

## CAUSE OF ACTION No.5

33. As to separate defendant Keith Ferguson, he failed to provide a jail physician for the period from March 2, 2012 to April 1, 2012. As a direct result, Ms. Whitcomb had no chance of being properly treated for the above listed medical issues, especially her serious pain problem.

34. The Plaintiff demands a jury trial on all issues.

## DEMAND FOR RELIEF AND JUDGMENT

35. The Plaintiff demands the following relief from all defendants, jointly and severally:

    A. Compensatory damages;

    B. Punitive damages;

    C. Costs of this action;

    D. Necessary and reasonable attorney's fees and expenses;

    E. Any and all other relief to which the Plaintiff is entitled by law.

CHARLOTTE ANN ROBINSON, AS
ADMINISTRATRIX OF THE ESTATE OF FAITH
DENISE WHITCOMB, DECEASED

Doug Norwood, Ark Bar No. 87-097
Norwood & Norwood, P.A.
2001 South Dixieland Road
P.O. Box 1960

Page 10 of 11

Rogers, Arkansas 72757
(479) 636-1262
(479) 636-7595   FAX

## VERIFICATION

I, Charlotte Ann Robinson, hereby verify that the above information listed in this

Complaint is true and accurate to the best of my knowledge and belief.

*Charlotte Ann Robinson*

Charlotte Ann Robinson, Administratrix
of the Estate of Faith Denise Whitcomb, Deceased


On this date, August 8, 2013, Charlotte Ann Robinson personally appeared before me and

swore under oath, and under the penalty of perjury, that the information contained in this

Complaint is true and accurate to the best of her knowledge and belief.

*Jodie Johnson*

Jodie Johnson,
Notary Public, Benton County, Arkansas
August 8, 2013

```
JODIE JOHNSON
Notary Public-Arkansas
Benton County
My Commission Expires 08-30-2016
Commission # 12349475
```