IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLOTTE ANN ROBINSON, AS
ADMINISTRATIX OF THE ESTATE
OF FAITH DENISE WHITCOMB,
DECEASED                                                                                    PLAINTIFF

VS.                                    NO. 13-5162

DR. JOHN ALLAN HUSKINS;
DR. WARREN SCOTT LAFFERTY;
KEITH FERGUSON; DEPUTY SARA
K. HARMON-LOMBARD; CPL.
SUZANNE D. HALL; RYAN RICHARDS;
MARSHA SMITH, R.N.; SGT. JAMES
MORGAN; CAPT. CHRIS SPARKS;
SHERIFF KELLEY CRADDUCK; et al.                                                 DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL

### I. INTRODUCTION

The Plaintiff filed her Amended Complaint on June 4, 2014, alleging, *inter alia*, claims of negligence, medical malpractice, and respondeat superior. See Doc. # 18, ¶¶ 76-98. For the reasons set forth herein, the Plaintiff's tort, medical malpractice, and respondeat superior claims should be dismissed as a matter of law and the individual capacity Defendants against whom those claims are made should be granted qualified immunity as a matter of law.

### II. ARGUMENT

Plaintiff's Complaint fails to state an actionable claim against the Defendants for negligence, medical malpractice, or respondeat superior and the individual capacity Defendants against whom those claims are made are entitled to qualified immunity and dismissal of Plaintiff's claim(s) against them.

The Supreme Court set forth the standard for evaluating a motion to dismiss in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Iqbal,* 556 U.S. at 678. Rather, the party seeking relief must set forth

sufficient facts to "nudge[ ] the[ ] claim[ ] across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S at 556).

When reviewing a motion to dismiss, the Court "must accept [the pleader's] specific factual allegations as true but [need] not ... accept ... legal conclusions." *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir.2010) (citing *Twombly,* 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. *Twombly,* 550 U.S. at 554–56.

### **A.** **The Defendants Have Immunity From Tort, Malpractice, and Respondeat Superior Claims Under State Law.**

#### 1. No Liability Under State Law

Ark. Code Ann. 21-9-301, entitled "Tort liability – Immunity Declared," provides as follows:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
>
> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

A.C.A. § 21-9-301

Under state law, the county is "immune from liability and from suit" for the plaintiff's tort claims. The immunity granted to a county *extends to the county's officials and employees. Matthews v. Martin*, 280 Ark. 245, 658 S.W.2d 374 (1983)(emphasis added). The presence of immunity is a functional test. *Autry v. Lawrence*, 286 Ark. 501, 696 S.W.2d 315 (1985). In other words, if officials or employees were performing their official duties for the county at the time of the alleged acts, they and the county are immune from any such tort liability under § 21-9-301. *Cousins v. Dennis*, 298

Ark. 310, 767 S.W.2d 296 (1989)(emphasis added).

It is undisputed that Defendants were performing their official duties at all times relevant to Plaintiff's Complaint; in fact, Plaintiff's Complaint makes just that allegation. As such, the Defendants are immune from liability for tort, including malpractice, and respondeat superior, and those claim must be dismissed as a matter of Arkansas law.

2. No Liability Under Federal Law

Plaintiff's tort, malpractice, and respondeat superior claims likewise fail to state a claim under federal law. "Mere negligence or medical malpractice ... are insufficient to rise to a constitutional violation." Estelle v. Gamble, 429 U.S. 97, 103 (1973). Liability under 42 U.S.C. § 1983 cannot be imposed on the basis of any degree of negligent conduct. *Schweiker v. Gordon*, 442 F.Supp. 1134 (E.D. Pa. 1977); *Estelle v. Gamble*, 429 U.S. 97 (1976). "No Section 1983 action arises merely because tortious injury results from action or inaction by state officers or employees." *Hull v. City of Duncanville*, 678 F.2d 582, 584 (5th Cir. 1982). Because the due process clause is directed at abuse of governmental power, negligent conduct of any degree is insufficient to bring about a 14th Amendment violation. This rule of law applies to both procedural due process and substantive due process. *Daniels v. Williams*, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 106 S.Ct. 668 (1986); and *Parratt v. Taylor*, 101 S.Ct. 1908 (1981). This is also true for "grossly negligent conduct." *Myers v. Morris*, 810 F.2d 1437, 1468-69 (8th Cir. 1987).

Differences of opinion as to medical care also fail to state a claim under Section 1983. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (medical decision not to order x-rays does not constitute cruel and unusual punishment); *Logan v. Clarke*, 119 F.3d 647, 650 (8th Cir. 1997)(efforts of prison medical personnel, although not as extensive as those a private health-care provider might have taken, did not reflect deliberate indifference); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)(prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement an inmate's requested course of treatment); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.1990)(difference of opinion as to medical

3

treatment does not rise to the level of deliberate indifference).  *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997).

Finally, respondeat superior liability has been directly precluded as an actionable claim under the federal civil rights statutes: "The doctrine of respondeat superior is inapplicable to actions brought pursuant to [§1983]." *Glick v. Sargent*, 696 F.2d 413, 414-415. *See also Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978). The United States Supreme Court conclusively resolved the issue of the applicability of vicarious liability in a § 1983 case when it held:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

In the end, the Plaintiff's tort, malpractice, and resopndeat superior claims fail as a matter of law under both state and federal law and should be dismissed with prejudice.

### B. Qualified Immunity

The clearly established law set forth above precludes tort, malpractice, and vicarious liability under both state and federal law.  As such, the individual capacity Defendants against whom these claims are made are entitled to qualified immunity.

"[Q]ualified immunity provides immunity from suit rather than a mere defense to liability, and . . . is effectively lost if a case is erroneously permitted to go to trial." *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir. 1994)(citations and internal quotations omitted). Qualified immunity is designed to "protect officials from the disruptions of going to trial as well as from liability for money damages. . . [i]t is important for public officials to be shielded from the burden of trial on insubstantial claims." *Wright v. South Arkansas Regional Health Center, Inc.*, 800 F.2d 199, 202-03 (8th Cir. 1986).  Accordingly, the Court generally should rule upon the defense "at the earliest possible time." *Id*.

In deciding the qualified immunity question, the court should "ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable interpretation of the events can be constructed ...." *Hunter v. Bryant*, 502 U.S. 224, 228

(1991). "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The test for qualified immunity is an objective one. *Id.* Officials should not have to always err on the side of caution out of a fear of being sued. *Id*. at 229. Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Brig.*

The Plaintiff's tort, malpractice, and vicarious liability claims fail under clearly established law. Even if this Court were inclined to change the law, the Defendants here would still be entitled to qualified immunity as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, the Plaintiff's tort, medical malpractice, and respondeat superior claims should be dismissed as a matter of law and the individual capacity Defendants against whom those claims are made should be granted qualified immunity as a matter of law.

Respectfully submitted,

Dr. John Allan Huskins, Dr. Warren Scott Lafferty, Keith Ferguson, and Chris Sparks, in their individual and official capacities, Sara K. Harmon, Suzanne D. Hall, Ryan Richards, Marsha Smith, James Morgan, Benton county, and Sheriff Kelley Cradduck, in his official capacity, in their individual and official capacities,
*Defendants*

RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250

6315 Ranch Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500
Telefax (501) 868-2505
email:owens@rainfirm.com

By:     /s/Jason E. Owens
Michael R. Rainwater, #79234
Jason E. Owens, #2003003

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the same to the following CM/ECF user:

Mr. Doug Norwood
dougnorwood@cox-internet.com

Mr. Arthur Loevy
jon@loevy.com

Mr. Jonathan D. Nelson
jon@norwoodattorneys.com

Ms. Roshna Bala Keen
roshna@loevy.com

  /s/ Jason E. Owens
Jason E. Owens
Attorney for Defendants
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
6315 Ranch Drive
Little Rock, Arkansas  72222-7250
Telephone (501) 868-2500