IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLOTTE ANN ROBINSON as
Administratrix of the Estate of Faith Denise
Whitcomb, Deceased                                                                                    PLAINTIFF

v.                                          Case No. 5:13-CV-05162

DR. JOHN ALLAN HUSKINS, individually and
in his official capacity as the physician of Benton
County Jail; DR. WARREN SCOTT LAFFERTY,
individually and in his official capacity as the
physician of Benton County Jail; KEITH
FERGUSON, individually and in his official
capacity as the Sheriff of Benton County;
DEPUTY SARA K. HARMON, individually and
in her official capacity; CORPORAL SUZANNE
D. HALL, individually and in her official capacity;
DEPUTY RYAN RICHARDS, individually and in
his official capacity; R.N. MARSHA SMTH,
individually and in her official capacity;
R.N. GAIL HARTGREAVES, individually
and in her official capacity; SERGEANT
JAMES MORGAN, individually and
in his official capacity; CAPTAIN CHRIS SPARKS,
individually and in his official capacity; SHERIFF
KELLEY CRADDUCK, in his official capacity;
UNKNOWN BENTON COUNTY JAIL
EMPLOYEES; JAIL MEDICAL PERSONNEL;
and COUNTY OF BENTON, ARKANSAS                                                          DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are Defendants' motion for partial dismissal (Doc. 25), Plaintiff Robinson's response (Doc. 27), Defendants' reply (Doc. 28), and the parties' supporting documents. The instant motion to dismiss was originally directed at an earlier amended complaint (Doc. 18); however, the Court construes the instant motion as directed at the current amended complaint (Doc. 43) because no new claims were asserted, and the only difference is the addition of Defendant Gail Hartgreaves who was previously an "unknown Benton County Jail employee."

As a preliminary matter, the Court stated in its Second Amended Final Scheduling Order (Doc. 23) that "[a] reply filed without leave of court will not be considered." This is in keeping with Local Rule 7.2(b), which indicates that the only reply that may be filed as a matter of course is a reply to a response to a motion for summary judgment. Because Defendants filed their reply (Doc. 28) without being granted leave of Court, that reply was not considered.

**I.     Background**

Charlotte Ann Robinson, Administratrix of the estate of Faith Denise Whitcomb, brought the instant action alleging the following facts: Around July 5, 2011, Whitcomb was arrested and subsequently incarcerated in the Benton County Jail as a pretrial detainee. Whitcomb was disabled, suffered from schizophrenia, and was HIV positive. Whitcomb reported her medical conditions and requirements to officials at the Benton County Jail. On September 19, 2011, the public defender representing Whitcomb requested that she undergo a mental evaluation. Whitcomb underwent a mental evaluation on October 5, 2011, the results of which indicated that she suffered from schizophrenia and was not fit to proceed to trial. On November 7, 2011, the Benton County Circuit Court ordered that Whitcomb be transported to the Arkansas State Hospital in Little Rock, Arkansas. This order was never followed. Instead, Whitcomb was held in solitary confinement until she was found dead in her cell on May 3, 2012. Whitcomb's death was later attributed to cancer that went undiagnosed until after her death.

For the ten months prior to her death, Whitcomb was held in solitary confinement allegedly due to her status as HIV positive and her documented mental illness. Prior to her death, Whitcomb had submitted requests for her prescribed medications, medical care, and to be taken to a hospital. However, Whitcomb did not receive all of her prescribed medication for her mental conditions, nor did she receive any other treatment for her mental health. Instead, the only medications

Whitcomb received were over-the-counter Tylenol and Pepto-Bismol. Whitcomb exhibited symptoms such as sudden weight loss, skin discoloration, and swelled legs, and complained of severe back pain and intestinal burning. Whitcomb also screamed in pain and pleaded for help while in her cell. Still, Whitcomb was never given a physical exam, blood test, x-ray, or other scan. Robinson alleges that Defendants did nothing to ensure that Whitcomb was treated by a physician and, furthermore, that the Benton County jail did not employ a physician from March 3, 2012 to April 1, 2012.

Robinson now brings state and federal claims based on Defendants' treatment of Whitcomb during her incarceration. In the instant motion to dismiss, Defendants seek dismissal of each of Robinson's state law claims—intentional infliction of emotional distress, negligence, willful and wanton conduct, medical malpractice against Defendants Huskins and Lafferty, and respondeat superior against the current Benton County Sheriff, Kelley Cradduck. In support of their motion to dismiss, Defendants argue that they are immune from tort liability under Arkansas Code Annotated § 21-9-301, that the state law claims fail to state a valid claim under federal law, and that the Defendants in their individual capacities are entitled to qualified immunity.

**II.     Standard**

In ruling on a motion to dismiss, the Court must "'accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

**III.  Discussion**

As a preliminary matter, the Court notes that Robinson, in her response to the instant motion to dismiss, concedes that Count XI should be dismissed because Benton County is immune from liability for the acts of its agents and employees pursuant to Arkansas Code Annotated § 21-9-301(b).[1] Accordingly, the Court finds that Count XI should be dismissed.

**A.  Immunity Pursuant to Arkansas Code Annotated § 21-9-301**

Defendants argue that they should each be granted immunity from Robinson's state law claims for intentional infliction of emotional distress, negligence, willful or wanton conduct, and medical malpractice pursuant to the immunity afforded by Arkansas Code Annotated § 21-9-301. Section 21-9-301 states:

> (a)  It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.
>
> (b)  No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

---

[1] Count XI is technically asserted against Sheriff Cradduck in his official capacity; however, suits against officers in their official capacity are treated as suits against the entity of which the officer is an agent. *Simons v. Marshall*, 255 S.W.3d 838, 841–42 (Ark. 2007) (citing *Hanks v. Sneed*, 235 S.W.3d. 883, 888–89 (Ark. 2006); *Fegans v. Norris*, 89 S.W.3d 919, 924 (Ark. 2002)). Therefore, Count XI is properly construed as against Benton County.

The Arkansas Supreme Court has explicitly held "that the immunity afforded by § 21-9-301 is an affirmative defense that must be specifically pled and proven in order to be considered . . . ." *Vent v. Johnson*, 303 S.W.3d 46, 53. Specifically, it is "incumbent upon the [Defendants] to plead and prove that [they are] entitled to immunity due to a lack of insurance." *Id.* The Arkansas Supreme Court has also consistently held that the immunity afforded by § 21-9-301 extends to employees of those political subdivisions, but only for negligent acts. *City of Farmington*, 237 S.W.3d 1, 5 (Ark. 2006) (citing *Deitsch v. Tillery*, 833 S.W.2d 760 (Ark. 1992); *West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittenden Cnty*, 871 S.W.2d 368 (Ark. 1994)). Immunity provided for those employees applies only to those "who were performing their official duties at the time the alleged acts of negligence occurred." *Carlew v. Wright*, 148 S.W.3d 237, 242 (Ark. 2004) (citing *Cousins v. Dennis*, 767 S.W.2d 296 (Ark. 1989)).

Defendants have not met their burden to prove that they are entitled to immunity pursuant to § 21-9-301 for any of Robinson's state law claims. Thus far, in Defendants' answer (Doc. 46), motion to dismiss (Doc. 25), and brief in support (Doc. 26), the Court finds only blanket assertions that Defendants are immune from each of Robinson's state law claims, and no factual proof in support as required by Arkansas law. *See Vent*, 303 S.W.3d at 53. Therefore, the Court finds that Defendants have not adequately asserted the affirmative defense of immunity pursuant to § 21-9-301, and the Court declines to dismiss any of Robinson's state law claims on those grounds. The Court also notes that two of Robinson's claims targeted by the instant motion to dismiss would clearly not be subject to dismissal pursuant to § 21-9-301, even if Defendants had met their burden.

First, Count V of Robinson's amended complaint asserts a claim for intentional infliction of emotional distress. "In Arkansas, intentional infliction of emotional distress is the tort of outrage." *Finch v. Texarkana Sch. Dist. No. 7 of Miller Cnty.*, 557 F. Supp. 2d 976, 984 (W.D.

Ark. 2008) (citing *Davis v. Fulton Co., Ark.*, 884 F. Supp. 1245 (E.D. Ark. 1995); *see also McQuay v. Guntharp*, 963 S.W.2d 583 (Ark. 1998). As an intentional tort, "outrage falls outside the immunity afforded by Ark. Code Ann. § 21–9–301." *Id.* (citing *Deitsch*, 833 S.W.2d at 761–62); *see also Davis*, 884 F. Supp. at 1262; *Braden v. Mountain Home Sch. Dist.*, 903 F. Supp. 2d 729, 739 (W.D. Ark. 2012)). Second, Count VIII of Robinson's amended complaint asserts a claim for willful or wanton conduct. "To constitute willful or wanton conduct, [the Arkansas Supreme Court] has stated that there must be a deliberate intention to harm or an utter indifference to, or conscious disregard of, the safety of others." *Shepherd v. Washington Cnty.*, 962 S.W.2d 779, 791 (Ark. 1998) (citing *Young v. Paxton*, 873 S.W.2d 546 (Ark. 1994); *Daniel Constr. Co. v. Holden*, 585 S.W.2d 6 (Ark. 1979)). Because willful or wanton conduct also involves intentional wrongdoing—and Robinson has pleaded such conduct in her amended complaint—it too falls outside of the immunity afforded by Arkansas Code Annotated § 21–9–301. *Finch*, 557 F. Supp. at 984 (citing *Deitsch*, 833 S.W.2d at 761–62); *Davis*, 884 F. Supp. at 1262; *Braden*, 903 F. Supp. 2d at 739.

### B. Failure to State a Claim Under Federal Law

The Defendants also argue that Robinson's state law claims fail under federal law (Doc 26, p. 3), but this argument is wholly without merit. Federal Rule of Civil Procedure 8(d)(2) allows for parties to assert alternative claims for relief based on the same facts, and Robinson has done so by asserting independent claims under both state and federal law. Robinson need not prevail on any state law claim in order to move forward with her federal civil rights claims, just as she need not establish a violation under federal law to move forward with her state law claims. Therefore, the Court declines to dismiss any of Robinson's state law claims based on her alleged failure to state a claim under federal law.

### C. Qualified Immunity

Finally, Defendants argue that they are immune from any state law claims against them in their individual capacities under the doctrine of qualified immunity. In support of their qualified immunity assertion, Defendants cite to case law propounding various points of law and policy rationales, such as the need for "public officials to be shielded from the burden of trial on insubstantial claims[,]" *Wright v. S. Ark. Reg'l Health Ctr., Inc.*, 800 F.2d 199, 202–03 (8th Cir. 1986), and the fact that officials performing discretionary functions are immune from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, Defendants fail to support their argument for qualified immunity in this respect with any facts from the instant case. Furthermore, the Court notes the doctrine of qualified immunity that Defendants seem to assert (Doc. 26, pp. 4–5) is the judicially created doctrine under federal law, which protects state or local officials sued in their individual capacity under 42 U.S.C. § 1983, *Pierson v. Ray*, 386 U.S. 547, 555–57 (1967), and federal officials sued under the United States Constitution. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Qualified immunity under Arkansas law for state-law tort claims is derived from Arkansas Code Annotated § 21-9-301. *Martin v. Hallum*, 374 S.W.3d 152, 156 (Ark. Ct. App. 2010). The Court has already addressed this defense, and Defendants have otherwise failed to show that they are entitled to any other means of immunity from Robinson's state law claims. For those reasons, the Court declines to find that Defendants are entitled to qualified immunity in any respect.

### IV. Conclusion

For the reasons stated above, IT IS ORDERED that Defendants' motion to dismiss (Doc. 25) is GRANTED IN PART and DENIED IN PART.

The motion is GRANTED IN PART insofar as Count XI of the amended complaint is DISMISSED WITH PREJUDICE. The motion is DENIED IN PART insofar as Counts V, VIII, and X of the amended complaint remain pending.

IT IS SO ORDERED this 16th day of December, 2014.

/s/P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE